OPINION
{¶ 1} This is an appeal from a jury determination of guilt to a charge of trafficking in cocaine.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The facts presented were that the Alliance Police Department utilized a confidential informant to purchase crack cocaine from appellant.
{¶ 3} Such informant was supplied with purchase money and wore a wire.
{¶ 4} The recording did not identify appellant by name although testimony was provided to the jury as to voice identification by Detective Morris (T. at P. 178) and the informant, Shannon Burruss (T. at p. 214).
{¶ 5} There are two Assignments of Error, to wit:
ASSIGNMENTS OF ERROR
 I. {¶ 6} THE TRIAL COURT ERRED IN REFUSING TO ALLOW THE USE OF A MISDEMEANOR CONVICTION AS IMPEACHMENT EVIDENCE.
 II. {¶ 7} THE JURY VERDICT FINDING APPELLANT GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
{¶ 8} The First Assignment of Error raised is that an error by the trial court denied appellant the ability to impeach the witness, Shannon Burress, by questions on cross examination as to a criminal conviction for trespass in August, 2000 (T. at p. 235), after the witness had stated that he had no charges since 1999. (T. at p. 232).
{¶ 9} This question and response was preceded by admissions by the witness of a felony conviction for drug trafficking. (T. at p. 217, 226, 228).
{¶ 10} Appellant maintains that such questioning as to the misdemeanor conviction is admissible under Evid.R. 608 notwithstanding Evid.R. 609.
{¶ 11} Evidence R. 608 states:
 Evid.R. 608 Evidence of Character and Conduct of Witness
 (A) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
 (B) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
 The giving of testimony by any witness, including an accused, does not operate as a waiver of the witness's privilege against self-incrimination when examined with respect to matters that relate only to the witness's character for truthfulness.
{¶ 12} Evidence Rule 609 states:
 Evid.R. 609 Impeachment by Evidence of Conviction of Crime
(A) General rule.
 For the purpose of attacking the credibility of a witness:
 (1) Subject to Evid.R. 403, evidence that a witness other than the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the witness was convicted.
 (2) Notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice of confusion of the issues, or of misleading the jury.
 (3) Notwithstanding Evid.R. (A), but subject to Evid.R. 403(B), evidence that any witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance.
{¶ 13} We must disagree with this Assignment of Error notwithstanding State v. Billings (1995), 103 Ohio App.3d 343, State v.Hooper, unreported (June 1, 2001), Montgomery App. No. 18375, unreported and State v. King (Aug. 30, 1995), Summit App. No. 16921, unreported.
{¶ 14} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
{¶ 15} Here, the evidence of a felony conviction was available to the jury to consider relative to his credibility.
{¶ 16} Even though it may be argued that the misdemeanor conviction was being offered as to truthfulness, rather than in violation of Evid.R. 609, it was within the sound discretion of the trial court to rule on its admissibility.
{¶ 17} We find no abuse of discretion and reject this first Assignment of Error.
 II
{¶ 18} While the second Assignment of Error incorrectly references a finding of guilty as to aggravated murder rather than trafficking we shall address the content of the argument presented.
{¶ 19} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The discretionary power to grant a new" should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
{¶ 20} Based upon the facts noted supra, and the entire record, we do not find the decision was against the manifest weight of the evidence. The jury was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses.
{¶ 21} We therefore disagree with this second Assignment of Error.
{¶ 22} This cause is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and GWIN, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Stark County Common Pleas Court is affirmed. Costs to appellant.